2010-02687
FILED
October 26, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003028737

WINSTON & STRAWN LLP
Richard A. Lapping (SBN: 107496)
rlapping@winston.com
David A. Honig (SBN: 160721)
dhonig@winston.com
Marcus Colabianchi (SBN: 208698)
mcolabianchi@winston.com
101 California Street
San Francisco, CA 94111-5802
Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400

Attorneys for Chapter 11 Trustee
BEVERLY N. MCFARLAND

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>FOOD SERVICE MANAGEMENT, INC. et al.,[1]<br><br>　　Debtors. | **Case No. 09-40066**<br><br>Chapter 11<br><br>**(Jointly Administered with Case Nos. 09-40068, 09-40212, and 09-40214)** |
| BEVERLY N. McFARLAND, in her capacity as Chapter 11 Trustee for Food Service Management, Inc., Sierra Valley Restaurants, Inc., Central Valley Food Services, Inc., and Kobra Associates, Inc.,<br><br>　　Plaintiff,<br><br>vs.<br><br>AZITA ALIZADEH,<br><br>　　Defendant. | **Adversary No.**<br><br>**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS** |

---

[1] The Debtors in these proceedings are: Food Service Management, Inc., Kobra Associates, Inc., Sierra Valley Restaurants, Inc., and Central Valley Food Services, Inc.

1

SF:293832.3

Plaintiff Beverly N. McFarland (the "Trustee" or "Plaintiff"), in her capacity as chapter 11 trustee of Food Service Management, Inc., Sierra Valley Restaurants, Inc., Central Valley Food Services, Inc., and Kobra Associates, Inc. (collectively, the "Debtors"), alleges and complains of defendant Azita Alizadeh ("Defendant"), as follows:

## THE PARTIES

1. Plaintiff is the duly appointed and acting chapter 11 trustee of the estates of the Debtors.

2. Defendant Azita Alizadeh is an individual residing in Granite Bay, California.

## JURISDICTION AND VENUE

3. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## GENERAL ALLEGATIONS

6. On September 18, 2009, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. On September 30, 2009, the Court entered an order approving the acting United States Trustee's appointment of Beverly N. McFarland as Chapter 11 trustee for the Debtors' collective chapter 11 cases (the "Cases"). On October 2, 2009, the Trustee's appointment became effective upon delivering the requisite bonds to the United States Trustee.

8. As of the petition date, the Debtors owned and operated 70 franchised Jack in the Box stores throughout Central and Northern California. The Debtors employed over 1,950 employees, and operated through multiple real property leases, franchise agreements, and food, equipment, repair, service, and supply contracts and other relationships with vendors and lenders.

### Debtors' Insiders

9. At all relevant times, each of Abolghassem "Abe" Alizadeh ("Abe Alizadeh") and Kobra Alizadeh was a director, officer, and person in control of each of the Debtors, and together owned all or substantially all of the shares or interests in each of the Debtors.

SF:293832.3

10. Azita Alizadeh is a sister of Abe Alizadeh and Kobra Alizadeh and at all relevant times was an employee and person in control of each of the Debtors, and an insider of each of the Debtors.

11. At all relevant times, Abe Alizadeh, with the assistance and participation of Kobra Alizadeh and in some instances other members of their family, including Azita Alizadeh, owned and operated a number of business enterprises that engaged primarily in real estate investment and development, construction, and restaurant operations (the "Alizadeh Enterprises").

12. All of the Alizadeh Enterprises, including the Debtors, were managed by Abe Alizadeh and his family from headquarter offices at a central location, most recently at 3001 Lava Ridge Court, Roseville, California, where coordinated management, accounting, legal, and personnel functions for the various entities comprising the Alizadeh Enterprises, including Debtors, were carried out by employees of one or more of the constituent entities under the overall direction of Abe Alizadeh or members of the Alizadeh family, including Azita Alizadeh.

13. On November 25, 2008, Kobra Properties, a partnership engaged in large-scale real estate investment and development, and certain of its affiliates, Rocky Ridge Center, LLC, Vernon Street Associates, LLC, and Kobra Preserve, LLC (collectively "the Kobra Properties Debtors"), filed bankruptcy petitions in the Eastern District of California under chapter 11. On April 2, 2009, Steven Victor ("Kobra Properties Trustee") was appointed chapter 11 Trustee for Kobra Properties.

**The AE Ops Accounts**

14. At all relevant times, the Debtors' Jack in the Box stores generated substantial daily cash receipts from cash and credit card sales at each of the 70 locations, which were deposited each day in various bank accounts of the individual Debtors or in bank accounts owned by and in the name of AE Operations, Inc. ("AE Ops"), a corporation owned and controlled by Abe Alizadeh.

15. Plaintiff is informed and believes and thereon alleges that Abe Alizadeh formed AE Ops on or about February 15, 2008 with the actual intent to use bank accounts established in the name of and under the control of AE Ops to receive cash from other entities in Alizadeh Enterprises, including primarily the Debtors, in order to hinder, delay or defraud creditors

3

SF:293832.3

of Alizadeh Enterprises, including creditors of Debtors, by preventing them from attaching or levying on bank accounts in the names of Debtors or other entities in Alizadeh Enterprises, and after its formation carried out this actual intent as described herein.

16. From and after April 2, 2009, the date of the appointment of the Kobra Properties Trustee, through September 18, 2009, the date the Cases commenced, Abe Alizadeh, with the assistance and participation of Azita Alizadeh, caused the Debtors to transfer substantial sums on a daily basis to AE Ops such that substantially all funds deposited into the AE Ops bank accounts consisted of funds belonging to the Debtors.

17. AE Ops had no employees and no business activity or operations other than to collect and redirect transfers of funds received from Debtors and other entities in Alizadeh Enterprises.

18. On the dates and in the amounts indicated below, the Debtors, directly or indirectly, made avoidable transfers to Azita Alizadeh in the total amount of $858,030.00.

**The AE Ops Transfers**

19. On the dates and in the amounts indicated below, AE Ops transferred funds totaling $757,466.44 (the "AE Ops Transfers") previously received by transfer from the Debtors to Azita Alizadeh:

| Date | Amount |
|---|---|
| June 1, 2009 | $137,000.00 |
| July 20, 2009 | $41,000.00 |
| August 3, 2009 | $59,400.00 |
| August 10, 2009 | $68,900.00 |
| August 12, 2009 | $13,830.00 |
| August 18, 2009 | $60,000.00 |
| August 24, 2009 | $1,368.22 |
| August 24, 2009 | $60,000.00 |
| August 28, 2009 | $2,300.00 |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

4

SF:293832.3

| Date | Amount |
|---|---|
| August 31, 2009 | $22,500.00 |
| September 1, 2009 | $18,000.00 |
| September 8, 2009 | $48,000.00 |
| September 8, 2009 | $61,300.00 |
| September 9, 2009 | $43,500.00 |
| September 11, 2009 | $13,000.00 |
| September 14, 2009 | $1,368.22 |
| September 14, 2009 | $33,000.00 |
| September 14, 2009 | $57,000.00 |
| September 15, 2009 | $16,000.00 |
| **Total** | **$757,466.44** |

### The Kobra Associates Transfers

20. On the dates and in the amounts indicated below, Debtor Kobra Associates, Inc. transferred funds totaling $37,400.00 (the "Kobra Associates Transfers") to Azita Alizadeh:

| Date | Amount |
|---|---|
| October 3, 2008 | $3,000.00 |
| July 27, 2009 | $23,300.00 |
| August 10, 2009 | $11,100.00 |
| August 14, 2009 | $6,000.00 |
| **Total** | **$43,400.00** |

### The Central Valley Transfer

21. On October 3, 2008, Debtor Central Valley Food Services, Inc. transferred $3,000.00 (the "Central Valley Transfer") to Azita Alizadeh.

5

SF:293832.3

22. None of the Debtors received any consideration or other reasonably equivalent value from Azita Alizadeh for any of the AE Ops Transfers, the Kobra Associates Transfers or the Central Valley Transfer.

23. From the formation of AE Ops through the date the Cases commenced, the Debtors transferred a total sum of $77,618,546.29 to AE Ops of which sum $31,951,752.99 remains outstanding and for which Debtors received no value or consideration whatsoever.

24. At all relevant times, each of the Debtors had one or more creditors with outstanding claims that remained unpaid through the commencement of the cases to the present.

25. At all relevant times, due to the constant diversion of funds from the Debtors, each of the Debtors was or became insolvent, and was left with unreasonably small capital to conduct its ongoing business, and continued to incur debts beyond each Debtor's ability to pay as such debts matured.

26. Each of the AE Ops Transfers, the Kobra Associates Transfers and the Central Valley Transfer were made to or for the benefit of Azita Alizadeh as an insider under an express or implied employment contract and were not made in the ordinary course of business of the Debtors or any of them.

## FIRST CAUSE OF ACTION

(Avoidance of Intentional Fraudulent Transfers under Bankruptcy Code §§ 548 and 550)

27. Plaintiff realleges paragraphs 1 through 26 of this Complaint.

28. Each of the transfers of funds from the Debtors to AE Ops was made voluntarily within 2 years before the date of the filing of the petitions in these Cases with the Debtors' intent to hinder, delay or defraud creditors of the Debtors.

29. Azita Alizadeh received the AE Ops Transfers as a mediate transferee of initial transferee AE Ops.

30. Azita Alizadeh received each of the AE Ops Transfers for no value, not in good faith, or with knowledge of the voidability of such transfer.

31. By reason of the foregoing, Plaintiff is entitled to recover the AE Ops Transfers, or the value of such transfers from Azita Alizadeh.

6

SF:293832.3

## SECOND CAUSE OF ACTION

(Avoidance of Intentional Fraudulent Transfers under Bankruptcy Code §§ 544 and 550 and the Uniform Fraudulent Transfer Act, California Civil Code § 3439 *et seq.*)

32. Plaintiff realleges paragraphs 1 through 26 of this Complaint.

33. Each of the transfers of funds from the Debtors to AE Ops was made voluntarily within 4 years before the date of the filing of the petitions in these Cases with the Debtors' intent to hinder, delay or defraud creditors of the Debtors.

34. Azita Alizadeh received the AE Ops Transfers as a mediate transferee of initial transferee AE Ops.

35. Azita Alizadeh received each of the AE Ops Transfers for no value, not in good faith, or with knowledge of the voidability of such transfer.

36. By reason of the foregoing, Plaintiff is entitled to recover the AE Ops Transfers, or the value of such transfers from Azita Alizadeh.

## THIRD CAUSE OF ACTION

(Avoidance of Constructive Fraudulent Transfers under Bankruptcy Code §§ 548 and 550)

37. Plaintiff realleges paragraphs 1 through 26 of this Complaint.

38. Each of the transfers of funds from the Debtors to AE Ops was made voluntarily within 2 years before the date of the filing of the petitions in these Cases and each of the Debtors received less than a reasonably equivalent value in exchange for each such transfer and (i) was insolvent on the date that such transfer was made or became insolvent as a result of such transfer; (ii) was engaged in business for which any property remaining with each of the Debtors was an unreasonably small capital; (iii) intended to incur debts that would be beyond such Debtor's ability to pay as such debts matured; or (iv) made such transfer to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

39. Azita Alizadeh received the AE Ops Transfers as a mediate transferee of initial transferee AE Ops.

40. Azita Alizadeh received each of the AE Ops Transfers for no value, not in good faith, or with knowledge of the voidability of the transfer.

SF:293832.3

41.     By reason of the foregoing, Plaintiff is entitled to recover the AE Ops Transfers, or the value of such transfers from Azita Alizadeh.

### FOURTH CAUSE OF ACTION

(Avoidance of Constructive Fraudulent Transfers under Bankruptcy Code §§ 544 and 550 and the Uniform Fraudulent Transfer Act, California Civil Code § 3439 *et seq.*)

42.     Plaintiff realleges paragraphs 1 through 26 of this Complaint.

43.     Each of the transfers of funds from the Debtors to AE Ops was made voluntarily within 4 years before the date of the filing of the petitions in these Cases and each of the Debtors received less than a reasonably equivalent value in exchange for each such transfer and each Debtor (i) was insolvent on the date that such transfer was made or became insolvent as a result of such transfer; (ii) was engaged in a business for which the remaining assets of such Debtor were unreasonably small in relation to the business; or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond the Debtor's ability to pay as they became due.

44.     Azita Alizadeh received the AE Ops Transfers as a mediate transferee of initial transferee AE Ops.

45.     Azita Alizadeh received each of the AE Ops Transfers for no value, not in good faith, or with knowledge of the voidability of the transfer.

46.     By reason of the foregoing, Plaintiff is entitled to recover the AE Ops Transfers, or the value of such transfers from Azita Alizadeh.

### FIFTH CAUSE OF ACTION

(Avoidance of Constructive Fraudulent Transfers under Bankruptcy Code §§ 548 and 550)

47.     Plaintiff realleges paragraphs 1 through 26 of this Complaint.

48.     Each of the Kobra Associates Transfers was made by Debtor Kobra Associates, Inc. to Azita Alizadeh voluntarily within 2 years before the date of the filing of the petitions in these Cases and Debtor Kobra Associates, Inc. received less than a reasonably equivalent value in exchange for each such transfer and (i) was insolvent on the date that such transfer was made or became insolvent as a result of such transfer; (ii) was engaged in business for which any

SF:293832.3

property remaining with each of the Debtors was an unreasonably small capital; (iii) intended to incur debts that would be beyond such Debtor's ability to pay as such debts matured; or (iv) made such transfer to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

49. Azita Alizadeh received the Kobra Associates Transfers as the initial transferee of such transfer.

50. Azita Alizadeh received each of the Kobra Associates Transfers for no value, not in good faith, or with knowledge of the voidability of the transfer.

51. By reason of the foregoing, Plaintiff is entitled to recover the Kobra Associates Transfers, or the value of such transfers from Azita Alizadeh.

### SIXTH CAUSE OF ACTION

(Avoidance of Constructive Fraudulent Transfers under Bankruptcy Code §§ 544 and 550 and the Uniform Fraudulent Transfer Act, California Civil Code § 3439 *et seq.*)

52. Plaintiff realleges paragraphs 1 through 26 of this Complaint.

53. Each of the Kobra Associates Transfers was made by Debtor Kobra Associates, Inc. to Azita Alizadeh voluntarily within 4 years before the date of the filing of the petitions in these Cases and Debtor Kobra Associates, Inc. received less than a reasonably equivalent value in exchange for each such transfer and (i) was insolvent on the date that such transfer was made or became insolvent as a result of such transfer; (ii) was engaged in a business for which the remaining assets of such Debtor were unreasonably small in relation to the business; or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond the Debtor's ability to pay as they became due.

54. Azita Alizadeh received the Kobra Associates Transfers as the initial transferee of such transfer.

55. Azita Alizadeh received each of the Kobra Associates Transfers for no value, not in good faith, or with knowledge of the voidability of the transfer.

56. By reason of the foregoing, Plaintiff is entitled to recover the Kobra Associates Transfers, or the value of such transfers from Azita Alizadeh.

SF:293832.3

## SEVENTH CAUSE OF ACTION

(Avoidance of Constructive Fraudulent Transfers under Bankruptcy Code §§ 548 and 550)

57. Plaintiff realleges paragraphs 1 through 26 of this Complaint.

58. The Central Valley Transfer was made by Debtor Central Valley Food Services, Inc. to Azita Alizadeh voluntarily within 2 years before the date of the filing of the petitions in these Cases and Debtor Central Valley Food Services, Inc. received less than a reasonably equivalent value in exchange for each such transfer and (i) was insolvent on the date that such transfer was made or became insolvent as a result of such transfer; (ii) was engaged in business for which any property remaining with each of the Debtors was an unreasonably small capital; (iii) intended to incur debts that would be beyond such Debtor's ability to pay as such debts matured; or (iv) made such transfer to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

59. Azita Alizadeh received the Central Valley Transfer as the initial transferee of such transfer.

60. Azita Alizadeh received the Central Valley Transfer for no value, not in good faith, or with knowledge of the voidability of the transfer.

61. By reason of the foregoing, Plaintiff is entitled to recover the Central Valley Transfer, or the value of such transfer, from Azita Alizadeh.

## EIGHTH CAUSE OF ACTION

(Avoidance of Constructive Fraudulent Transfers under Bankruptcy Code §§ 544 and 550 and the Uniform Fraudulent Transfer Act, California Civil Code § 3439 *et seq.*)

62. Plaintiff realleges paragraphs 1 through 26 of this Complaint.

63. The Central Valley Transfer was made by Debtor Central Valley Food Services, Inc. to Azita Alizadeh voluntarily within 4 years before the date of the filing of the petitions in these Cases and Debtor Central Valley Food Services, Inc. received less than a reasonably equivalent value in exchange for each such transfer and (i) was insolvent on the date that such transfer was made or became insolvent as a result of such transfer; (ii) was engaged in a business for which the remaining assets of such Debtor were unreasonably small in relation to the

SF:293832.3

business; or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond the Debtor's ability to pay as they became due.

64. Azita Alizadeh received the Central Valley Transfer as the initial transferee of such transfer.

65. Azita Alizadeh received each of the Central Valley Transfer for no value, not in good faith, or with knowledge of the voidability of the transfer.

66. By reason of the foregoing, Plaintiff is entitled to recover the Central Valley Transfer, or the value of such transfer, from Azita Alizadeh.

**WHEREFORE** Plaintiff respectfully requests that the Court award judgment to Plaintiff as follows:

On the **FIRST, SECOND, THIRD AND FOURTH CAUSES OF ACTION:**

1. Avoidance of the AE Ops Transfers and each of them;

2. Recovery of the value of the AE Ops Transfers in an amount not less than $757,466.44 from Azita Alizadeh;

3. Interest on the value of the AE Ops Transfers from the dates made until recovered by the Plaintiff at the legal rate;

4. Costs of suit; and

5. Such other and further relief as the Court may award based on the allegations and proof.

On the **FIFTH AND SIXTH CAUSES OF ACTION:**

6. Avoidance of the Kobra Associates Transfers and each of them;

7. Recovery of the value of the Kobra Associates Transfers in an amount not less than $43,400.00 from Azita Alizadeh;

8. Interest on the value of the Kobra Associates Transfers from the dates made until recovered by the Plaintiff at the legal rate;

9. Costs of suit; and

10. Such other and further relief as the Court may award based on the allegations and proof.

SF:293832.3

On the **SEVENTH AND EIGHT CAUSES OF ACTION:**

11. Avoidance of the Central Valley Transfer;

12. Recovery of the value of the Central Valley Transfer in an amount not less than $3,000.00 from Azita Alizadeh;

13. Interest on the value of the Central Valley Transfer from the date made until recovered by the Plaintiff at the legal rate;

14. Costs of suit; and

15. Such other and further relief as the Court may award based on the allegations and proof.

Dated: October 26, 2010                    WINSTON & STRAWN LLP

By:   /s/ Richard A. Lapping
      Richard A. Lapping
      Attorneys for Chapter 11 Trustee
      BEVERLY N. MCFARLAND

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

SF:293832.3